**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                              **NO. 29,137**

**DARON CARPENTER,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals his conviction for one count of possession of methamphetamine. [MIO1] We issued a notice proposing to affirm and, pursuant to an extension, Defendant has filed a timely memorandum in opposition. Having considered the arguments raised by Defendant and remaining unpersuaded, we affirm.

Defendant contends that there was insufficient evidence to convict him of possession of a controlled substance. [MIO 1, 3-5] He raises this contention pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 5]

A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (citations and internal quotations omitted).

In order to convict Defendant of possession of a controlled substance, methamphetamine, the jury was required to find beyond a reasonable doubt that Defendant had methamphetamine in his possession and that he knew it was methamphetamine "or believed it to [be] some drug or other substance the possession of which is regulated or prohibited by law[.]" [RP 85] *See* UJI 14-3102 NMRA; *State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986) ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."). The jury was also instructed that:

> A person is in possession of methamphetamine when he knows it is on his person or in his presence, and he exercises control over it. Even

2

if the substance is not in his physical presence, he is in possession if he knows where it is, and he exercises control over it. Two or more people can have possession of a substance at the same time. A person's presence in the vicinity of the substance or his knowledge of the existence or the location of the substance, is not, by itself, possession.

[RP 86] *See* UJI 14-3130 NMRA.

In our notice of proposed summary disposition, we proposed to affirm based upon the evidence introduced at trial in support of the conviction. The officer testified that he pulled over a vehicle driven by Defendant for an expired registration sticker. [MIO 1; DS 3] The officer ran a warrants check and a driver's license inquiry and discovered that Defendant had an outstanding warrant, and his driver's license had been revoked. [MIO 1; DS 3] Defendant was arrested and while performing a search incident to arrest, the officer found a small glass bottle with white powder in Defendant's pants pocket. [MIO 1-2; DS 3] A field test indicated that the powder tested positive for methamphetamine. [MIO 2; DS 3] Defendant was taken to jail and searched again. [MIO 2; DS 4] The search revealed a small baggie containing a white substance that also tested positive for methamphetamine. [MIO 2; DS 4]

Viewing the foregoing evidence in the light most favorable to the jury's verdict, and disregarding all evidence and inferences to the contrary, the evidence

reviewed above is sufficient to support Defendant's conviction for possession of a

controlled substance to-wit: methamphetamine.

**CONCLUSION**

For the reasons discussed in this opinion and those set forth in our notice of proposed summary affirmance, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**MICHAEL E. VIGIL, Judge**