This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                   **No. 30,311**

**JAMES S.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Child challenges the sufficiency of the evidence to support his adjudication of delinquency based on committing battery upon a school employee, contrary to NMSA 1978, Section 30-3-9(E) (1989), and assault upon a school employee, contrary to Section 30-3-9(B). We issued a calendar notice proposing to summarily affirm. Child filed a timely memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**DISCUSSION**

"Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction." *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86. On appeal, "[w]e determine whether a rational factfinder could have found that each element of the crime was established beyond a reasonable doubt." *Id.* We view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994). "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986).

The offense of battery upon a school employee consists of "the unlawful, intentional touching or application of force to the person of a school employee while he is in the lawful discharge of his duties, when done in a rude, insolent or angry manner." Section 30-3-9(E). To prove that Child committed the delinquent act of battery upon a school employee, the State was required to prove beyond a reasonable doubt in relevant part that (1) Child intentionally touched or applied force to the victim by bumping his chest against the victim's chest; (2) the victim was a school employee performing his duties; and (3) Child acted in a rude, insolent, or angry manner. [RP 58]

The offense of assault upon a school employee at issue here consists of "any unlawful act, threat or menacing conduct which causes a school employee while he is in the lawful discharge of his duties to reasonably believe that he is in danger of receiving an immediate battery." Section 30-3-9(B)(2). To prove that Child committed the delinquent act of assault upon a school employee, the State was required to prove beyond a reasonable doubt in relevant part that (1) Child put his face close to the victim's face and threatened him; (2) Child's conduct caused the victim to believe that Child was about to intrude on his bodily integrity or personal safety by touching or applying force to the victim in a rude, insolent, or angry manner; (3) a

3

reasonable person in the same circumstances as the victim would have had the same belief; (4) the victim was a school employee performing his duties. [RP 59]

In satisfaction of these elements, the docketing statement indicates that the State presented evidence that Child verbally confronted a teacher at school after lunch. [DS 1] The victim, an instructional assistant, intervened. [Id.] Child began to curse at the victim and threatened to "kick his ass." [Id.] Child then walked toward the victim with his fists clenched at his sides. [Id.] The victim put his hands behind his back. [Id.] When Child reached the victim, the two bumped chests. [DS 2] Child told the victim that he would find him on the street and walked away. [Id.] Under these circumstances, our calendar notice proposed to hold that there was sufficient evidence that Child committed assault on a school employee and assault on a school employee.

In response to our proposed disposition on the battery count, Child argues that the majority of the evidence presented was that Child did not touch the victim or, that if he did, Child was responding to a threat. [MIO 3-5] We are not persuaded. Although Child and his brother testified that Child did not touch the victim, the victim testified that Child bumped chests with him. [MIO 5] Although Child might have introduced conflicting testimony, we defer to the fact finder on such matters of credibility. *See State v. Sosa*, 2000-NMSC-036, ¶ 8, 129 N.M. 767, 14 P.3d 32; *State*

4

*v. Ortiz-Burciaga*, 1999-NMCA-146, ¶ 22, 128 N.M. 382, 993 P.2d 96 (holding that it is the "exclusive province of the jury to resolve factual inconsistencies in testimony" (internal quotation marks and citation omitted)).  In addition, we remain persuaded that there is sufficient evidence that Child intentionally touched or applied force to the victim by approaching him and bumping his chest against the victim's chest and that Child did so in a rude, insolent, or angry manner by cursing and making threats, appearing agitated, and then walking toward the victim with clenched fists.  Although Child argues that the evidence showed that Child felt threatened by the victim's aggressive stance [MIO 5], the jury was not required to believe Child's version of events. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998) ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

We also remain persuaded that the State introduced sufficient evidence that Child committed assault.  Our calendar notice proposed to hold that a jury could have reasonably found that Child committed assault by putting his face close to the victim's face and threatening him, especially given Child's conduct in appearing agitated, walking up to the victim with clenched fists, and bumping chests with the victim.

5

In response, Child continues to argue that the threats made by Child would not have caused a reasonable person to believe that he or she was about to receive an immediate battery. [DS 2; MIO 6-7] We disagree. We remain persuaded that a jury could have reasonably found that Child's threats, which included promising to "kick his ass" and find him on the street, caused the victim to believe that Child was about to intrude on his bodily integrity or personal safety by touching him in a menacing manner and that a reasonable person in the same circumstances would have had the same belief.

**CONCLUSION**

We therefore reject Child's challenge to the sufficiency of the evidence and affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**ROBERT E. ROBLES, Judge**

6