726 P.2d 883

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Freddie Lee SMITH,
Defendant-Appellant.**

No. 9118.

Court of Appeals of New Mexico.

Sept. 2, 1986.

Certiorari Denied Oct. 15, 1986.

Jacquelyn Robins, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender Santa Fe, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Chief Judge.

Convicted of aggravated burglary and aggravated assault, defendant appeals. Only one issue relating to a lesser included offense instruction on breaking and entering is argued. Issues not briefed are deemed abandoned. *State v. Fish,* 102 N.M. 775, 701 P.2d 374 (Ct.App.1985).

We affirm.

The relevant facts are that the victim locked the doors and closed the windows to her house and went to bed. She was awakened by a man in her room. The man held a knife to her throat and threatened to kill her. He tried to pull down her nightshirt. When he could not do so with one hand, he put down the knife to use two hands. The victim grabbed the knife and fought with the man. Both the man and the victim were injured during the struggle. The man was bleeding when he left

the house. The police were called and followed the trail of blood until they found and arrested defendant.

Police witnesses testified about the condition of the victim's house when they arrived. Both the front and back doors were unlocked. The police did not know how the defendant got into the victim's house. However, one officer testified that he noticed a screen that was partially pulled off a slightly open kitchen window.

Defendant testified that he was an alcoholic and was extremely intoxicated that day. A defense witness testified about psychological tests administered to defendant. This witness said that defendant's IQ was about 78 or 80, that he was an alcoholic, and that he had a mixed personality disorder. The witness opined that, if defendant was correct about how much he had to drink, the defendant would not have been able to form any specific intent.

Defendant tendered a lesser included offense instruction for the aggravated burglary charge. The tendered instruction was on breaking and entering, and contained, as one of the elements, that defendant's "entry was obtained by the breaking of the dining room window."

■ Before error can be predicated upon a failure to instruct the jury on a lesser offense, there must be evidence tending to establish the offense. *Fish.* Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured. *State v. Martin,* 90 N.M. 524, 565 P.2d 1041 (Ct.App. 1977). The evidence tending to establish the offense in this case would have to be that defendant's entry was obtained by breaking the dining room window. *See also State v. Rayos,* 77 N.M. 204, 420 P.2d 314 (1967).

■ There is no evidence in this case that the dining room window and the kitchen window were one and the same. Nor is there any evidence that the dining room was in the kitchen. The record is completely silent on this point. Thus, there was no evidence tending to establish the lesser offense in the manner in which defendant proposed to instruct the jury.

Defendant contends that although his instruction was not supported by the evidence, that should not result in a rejection of his issue. He relies on *State v. Branchal,* 101 N.M. 498, 684 P.2d 1163 (Ct.App. 1984). However, *Branchal* was concerned with an instruction offered by the defense which was supported by the evidence. *Branchal* does not apply to this case.

Defendant also contends that our recent decision in *State v. Padilla,* 104 N.M. 446, 722 P.2d 697 (Ct.App.1986), undercuts the above rationale. We disagree. In *Padilla,* we held that a defendant, who was given an instruction on a lesser offense which was not supported by the evidence, would not be heard to complain on appeal that the evidence was insufficient to convict. However, *Padilla* dealt with an instruction already given, a *fait accompli.* Here, we are dealing with the question of whether an instruction that was not given should have been given. *Fish* holds that it should not have been given.

Error was found in *Padilla.* As in *Padilla,* accepting defendant's argument in this case would have the effect of approving and encouraging error. We can accept this result when trial courts allow defendants to lead them into error, but we cannot promote error, as defendant would have us do, when trial courts are alert enough to avoid it.

Affirmed.

**IT IS SO ORDERED.**

BIVINS and MINZNER, JJ., concur.