# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                          NO. 28,320

**PHYLLIS GENT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Adam D. Rafkin, P.C.
Adam D. Rafkin
Ruidoso, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Convicted of two counts of harboring or aiding a felon, contrary to NMSA 1978, Section 30-22-4 (1963), Defendant appeals, arguing that the State failed to present any evidence that Defendant knew she was harboring or aiding individuals who had committed a felony. We affirm.

## BACKGROUND

In the early morning hours of December 23, 2006, the nephew of Defendant's boyfriend, Esmeregildo "Esse" Almager (Esse), and Esse's girlfriend, Tiffany Gurule (Tiffany), perpetrated a home invasion and aggravated burglary in Lincoln County, New Mexico. It is uncontested that after the crime, Defendant rented a motel room at the Super 8 Motel, in her own name, for Esse and Tiffany. Esse and Tiffany were later apprehended at the Super 8 Motel.

At the trial, Tiffany testified on behalf of the State. She stated, in relevant part, that sometime after the crime, Esse arrived to pick up her and Alyssia (Esse's daughter) from Esse's grandmother's house. Tiffany testified that Esse was driving an unfamiliar vehicle that Tiffany later saw Defendant driving. Tiffany stated that she and Esse drove to Defendant's home, and that when they arrived, Defendant was in the house with Defendant's boyfriend (who is also Esse's uncle) Filbert, and Esse's brother Patricio. Tiffany testified that Filbert and Patricio were listening to police scanners and that Defendant was in the same room. Tiffany stated that Defendant said she wanted Esse and Tiffany to stay at Defendant's house so they would not get caught by the police. Tiffany testified that Defendant offered to say that Esse and Tiffany were in Defendant's home all night. Tiffany stated that once she and Esse decided to rent a motel room, Defendant drove them to one motel where there were

2

no vacancies and then to the Super 8 Motel, where Defendant rented a room and gave Esse and Tiffany the room key. Tiffany testified that it was Defendant's idea to rent the room in Defendant's name so that Esse and Tiffany would not get caught.

The State presented testimony from Sergeant Robert Shepperd that he asked Defendant several times later that morning where Esse and Tiffany were and that Defendant replied that she had no idea because she had not seen them. Sergeant Shepperd testified that he told Defendant that he knew that Esse and Tiffany had Alicia earlier that morning, and Defendant replied that Alicia had been with Defendant since the previous day, which Sergeant Shepperd knew was untrue. Sergeant Shepperd testified that he requested a BOLO (be on the lookout) for Esse and Tiffany and their vehicle to be put out to other agencies in the area and that this information could have been intercepted by a police scanner such as the one being used in Defendant's home. Sergeant Shepperd also stated that when a BOLO is issued, the call will normally include the type of crime that was committed to ensure the officer's safety.

The state also presented testimony from Katie Cuellar, a parole officer with the New Mexico Department of Adult Probation and Parole who was present when Defendant answered questions from Sergeant Shepperd. She heard Defendant tell Sergeant Shepperd that Esse and Tiffany were not at the house.

**DISCUSSION**

3

Defendant challenges the sufficiency of the evidence supporting her convictions for harboring or aiding a felon. She argues that the State failed to present any evidence that Defendant knew she was harboring or aiding individuals who had committed a felony. We engage a two step analysis used to evaluate a sufficiency challenge to a conviction. First, we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Second, we "make a legal determination of whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted). "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986).

In the present case, for the offense of harboring or aiding a felon, the jury was instructed to consider whether the State had proven the following elements beyond a

4

reasonable doubt:

> 1. [D]efendant concealed or gave aid to [Esse and Tiffany] with the intent that [Esse and Tiffany] escape, avoid arrest, trial, conviction or punishment;

> 2. [D]efendant knew that [Esse and Tiffany] committed [b]urglary;

> 3. This happened in New Mexico on or about the 23rd day of December[] 2006.

The defense theory was that despite the evidence indicating Defendant's substantial involvement with Esse and Tiffany on the day they committed a home invasion, Defendant was unaware that they had committed a felony. Although we acknowledge that Defendant testified that she had no knowledge of the crime, the jury was free to reject Defendant's testimony. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998). Knowledge is often proved beyond a reasonable doubt by circumstantial evidence. *See, e.g.*, *State v. Castañeda*, 2001-NMCA-052, ¶ 21, 130 N.M. 679, 30 P.3d 368 (observing that generally a defendant's state of mind is proved by circumstantial evidence).

Viewing the evidence in the light most favorable to the verdict, and indulging all reasonable inferences in favor of the verdict, we hold that the circumstantial evidence presented was sufficient to support a rational fact-finder's determination that Defendant knew that Tiffany and Esse had committed a felony when she harbored or

aided them.

**CONCLUSION**

We affirm the judgment and sentence of the district court.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**TIMOTHY L. GARCIA, Judge**

6