This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 32,245**

**RAUL SOTO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Raul Soto (Defendant) appeals from the judgment and order partially suspending his sentence. [RP 200] Defendant was convicted after a jury trial of robbery, a third degree felony, and bribery of a witness (threats) (reporting), a third degree felony. [Id.] Defendant contends that the State did not present sufficient evidence for the jury to conclude beyond a reasonable doubt that Defendant was guilty of the convicted offenses. [DS 9] The calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we affirm Defendant's convictions.

**DISCUSSION**

"The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). When considering the sufficiency of the evidence, this Court "does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *State v. Graham*, 2005-NMSC-004, ¶ 13, 137 N.M. 197, 109 P.3d 285 (internal quotation marks and

citation omitted).  Instead, "[w]e view the evidence as a whole and indulge all reasonable inferences in favor of the jury's verdict," *id.*, while at the same time asking whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *id.* ¶ 7 (internal quotation marks and citation omitted).

We measure the sufficiency of the evidence against the jury instructions.  *See State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986) ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured.").  The jury was instructed that in order to find Defendant guilty of robbery as charged in Count 1, it must find the following elements of the crime beyond a reasonable doubt:  (1) Defendant took and carried away a CD player, U.S. currency, and/or a jacket from Steven Cabrales (the victim), or from his immediate control, intending to permanently deprive the victim of the property; (2) Defendant took the CD player, U.S. currency and/or jacket by force or violence; and (3) this happened in New Mexico on or about December 16, 2008.  [RP 178]

The jury was also instructed that in order find Defendant guilty of intimidation of a witness, it must find the following elements of the crime beyond a reasonable doubt:  (1) Defendant knowingly intimidated or threatened with intent to keep the victim from truthfully reporting to a law enforcement officer information related to the commission or possible commission of robbery; and (2) this happened in New

Mexico on or about December 16, 2008. [RP 180] The jury was also instructed that Defendant may be found guilty of a crime even though he himself did not do the acts constituting the crime if the State proves beyond a reasonable doubt that (1) Defendant intended the crime be committed; (2) the crime was committed; and (3) Defendant helped, encouraged, or caused the crime to be committed. [RP 181] In the memorandum, Defendant confirms that the State presented the following testimony to support Defendant's convictions for robbery and intimidation of a witness. On or about December 16, 2008, Defendant, Daniel Pena, and the victim were at a party at Frances Gonzales's house drinking several beers. [DS 4, MIO 1] The foursome continued drinking throughout the evening and later decided to move on to another party at Defendant's house. [Id.] The victim and Ms. Gonzales arrived in the victim's car at Defendant's house near midnight. [Id.] Ms. Gonzales left the victim's car and subsequently told him she was going to party with Mr. Pena and Defendant. [Id.] As the victim was leaving, Mr. Pena approached his vehicle and argued about why Ms. Gonzales was with the victim when Mr. Pena was dating Ms. Gonzales. [DS 5, MIO 2] The victim drove off but then turned around to go back; he saw Defendant's car was blocking the road. [Id.] Mr. Pena approached the victim's car and hit the victim in the head in the temple area. [Id.] The victim became disoriented, crashed his car, and then exited the vehicle. [Id.] Mr. Pena and the victim then traded blows. [DS 5-

6, MIO 2] The victim testified that while he was fighting Mr. Pena, someone struck him from behind and he fell to the ground. [DS 6, MIO 2] The victim then saw and felt Mr. Pena and Defendant kicking and striking him. [Id.] The victim testified that Defendant then told Mr. Pena to take the CD player out of the victim's car; Defendant demanded and took all the money the victim had on him (about $50); and Defendant told the victim not to call the cops because "we'll get you and your family." [Id.] The investigating officer testified that there were beer cans strewn on the premises and that the victim had injuries on his temple, scratches on his back, and blood behind his left ear. [DS 7, MIO 3] Ms. Gonzales testified that she saw Defendant and Mr. Pena take the victim's stereo and his jacket and that Defendant later admitted that he took $50 from the victim. [DS 8, MIO 3] After the State presented its evidence, Defendant twice moved for a directed verdict. [DS 8] The district court denied Defendant's motions and the defense rested. [Id.]        Based on the summary of the trial evidence presented in the docketing statement, we proposed to affirm Defendant's convictions. [Ct. App. File, CN1] In the memorandum, Defendant does not present facts or authorities that persuade us that the proposed disposition was incorrect or inappropriate. Rather, Defendant points out that, on cross-examination, Ms. Gonzales's admitted that she had consumed at least twelve beers the night of the incidents and that she later stated that she did not see Defendant or Mr. Pena with the

victim's car stereo or jacket.  [MIO 3]  These considerations, however, relate to the weight and credibility of Ms. Gonzales' testimony, which are matters for the jury to decide, and, as such, they do not provide a basis for this Court to reverse the jury's verdict.  *See State v. Riggs*, 114 N.M. 358, 362-63, 838 P.2d 975, 979-80 (1992) (rejecting the defendant's argument that a witness was not credible, stating "[t]he jury, and not this court, however, resolves questions of credibility and the weight to be given to testimony").  Moreover, in addition to Ms. Gonzales's testimony, the victim's testimony as to what he saw and felt that night provided substantial evidence, which the jury adjudged as credible, to support Defendant's convictions.

**CONCLUSION**

We hold that the State presented substantial evidence to support Counts 1 and 3, and we therefore affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____

**TIMOTHY L. GARCIA, Judge**