This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NO. A-1-CA-37809**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**WAYNE ARAGON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence, entered pursuant to the jury's verdict that found Defendant guilty of giving alcoholic beverages to a minor and found Defendant not guilty of several sex offenses and false imprisonment. Unpersuaded that Defendant established error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence support his conviction for giving alcoholic beverages to a minor, claiming the State failed to prove he knew Ms. Gonzales was under twenty-one years of age. [MIO 2-7] Our notice proposed to affirm on grounds that Defendant did not set forth all the evidence the State presented for our assessment of its sufficiency and on grounds that the circumstantial evidence appeared to support a finding that Defendant knew or had reason to know she was underage. [CN 4-5]

**{3}** In response to our notice, Defendant asks us to construe the scienter element for giving alcohol to a minor—requiring the State to prove Defendant "knew or had to reason to know" Ms. Gonzales was underage—in a manner applicable in the possession of child pornography context. [MIO 5-7] Defendant relies on the standard articulated in *State v. Adamo*, 2018-NMCA-013, ¶ 32, 409 P.3d 1002, involving shifting and increased burdens as to the defendant's knowledge of a child's age who is depicted in the sexually explicit material where the defendant is charged with possession of child pornography. [MIO 5-7] Applying this heightened standard to the current case, Defendant contends the State never provided evidence that Ms. Gonzales was so obviously under the age of twenty-one that no reasonable person would believe she was twenty-one years of age or older, to rebut Defendant's testimony that he reasonably did not know that Ms. Gonzales was underage. [MIO 7]

**{4}** We are not persuaded that *Adamo* is relevant to the case at hand. In articulating a scienter standard under the First Amendment for the first time in a possession of child pornography case, this Court in *Adamo* was addressing and rejecting the defendant's challenge to the jury instructions. *Id.* ¶¶ 28-34. We concluded that the scienter element given to the jury, which contains the same language given to the jury in the current case, [RP 185] was constitutionally sufficient. *See id.* ¶ 34. We also pointed out that "[n]o argument was made at trial that the children in the images admitted into evidence were not obviously under eighteen years of age, and there [was] no basis for us to conclude that the jury was misled or confused by the instructions." *Id.* ¶ 33.

**{5}** In the current case, Defendant does not challenge the instructions given to the jury, and we are not persuaded that the heightened scienter standard, guarding First Amendment rights, applies to the current charge of giving alcohol to a minor. Nor are we persuaded that indicators of age in the possession of child pornography context, involving images of strangers in sexually explicit material, translate to the circumstances here, where Defendant personally knew Ms. Gonzales and bought her alcohol. Also, even if there were a shifting burden to the knowledge requirement in this context, Defendant does not establish that he reasonably believed Ms. Gonzales was at least twenty-one years old in a manner that might shift the burden to require the State to prove Ms. Gonzales was so obviously under the age of twenty-one that no reasonable person would believe she was at least twenty-one years of age or older. Defendant does not supply us with any evidentiary basis for the reasonableness of his belief. He does not, for example, assert evidence was presented that Ms. Gonzales told him she twenty-one years old, showed him false proof of being twenty-one years old, had falsified her age at work, or had otherwise engaged in any misleading acts that would

show Defendant was under a reasonable mistaken belief that Ms. Gonzales was at least twenty-one. Based on the foregoing, we are not persuaded the State had to establish anything beyond the bare element articulated to the jury—Defendant "knew or had reason to know that [Ms.] Gonzales was under the age of twenty-one years." [RP 185] *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured.").

**{6}** To the extent Defendant argues the State failed to meet its burden based on Ms. Gonzales's engagement in activities like employment, driving a car, or managing money that are "traditionally indicators of adulthood," we are not persuaded. Not only are these activities that could be engaged by anyone old enough to drive and work, Defendant is merely relying on contrary inferences the jury could have drawn from the evidence. Our standard of review, however, requires that "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Defendant's argument asks us to reweigh the evidence, and we decline to do so. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

**{7}** After viewing the evidence in the manner set forth above, "[w]e then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{8}** Defendant contends that the State and our notice relied on "mere familiarity" with an underage person to establish Defendant's knowledge. [MIO 7-8] We disagree. The evidence suggests more than "mere familiarity." Defendant and Ms. Gonzales knew each other and worked together at Subway for a year before he bought her alcohol; they socialized outside of work, and had a sexual encounter on the night of the incident. [DS 4; CN 4] Additionally, as we set forth in notice, the circumstances in which Defendant purchased the alcohol for Ms. Gonzales also suggest he knew Ms. Gonzales was underage. [CN 4] We consistently acknowledge that "[d]irect evidence of knowledge and intent are rarely available[,]" and, therefore, knowledge and intent are often proved by circumstantial evidence from which the jury can infer knowledge or intent. *State v. Ortiz*, 2017-NMCA-006, ¶ 23, 387 P.3d 323. The act itself or circumstances surrounding the act often supply adequate proof warranting an inference of knowledge. *Id.*

**{9}**     The evidence showed that Defendant, Ms. Gonzales, and another coworker were socializing at Defendant's apartment after work and decided they wanted to drink alcohol. [DS 3, 5] Even though Ms. Gonzales was the only person with money and a car, Defendant left his apartment with Ms. Gonzales, and she drove Defendant and their coworker to a convenient store. [DS 5] Defendant took Ms. Gonzales's money, went into the store without Ms. Gonzales, bought alcohol for her, and returned to his apartment to drink with Ms. Gonzales and their coworker. [DS 5] From the evidence presented, the jury could reasonably infer that Defendant and Ms. Gonzales had a such a personal relationship that he would have known she was underage, and the jury could infer that he demonstrated that knowledge when left his apartment to be passenger in her car and purchase alcohol for her with her money. To the extent Defendant testified that he did not know Ms. Gonzales was under twenty-one years old on the date in question, [DS 5; MIO 7] the jury was free to reject his testimony. *See Rojo*, 1999-NMSC-001, ¶ 19 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

**{10}**     Viewing the evidence in the light most favorable to the verdict and indulging in all reasonable inferences in support thereof, we hold the evidence was sufficient to support Defendant's conviction for giving alcoholic beverages to a minor. *See Samora*, 2016-NMSC-031, ¶ 34. Accordingly, we affirm the district court's judgment and sentence.

**{11}   IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**