This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38190**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**MARTIN MARTINEZ,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
John Bennett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appeals from a district court on-the-record judgment affirming his convictions for aggravated DWI and multiple lesser-offenses, including open container. We issued a calendar notice proposing to affirm. Defendant has responded with a timely memorandum in opposition. We affirm.

**{2}** Defendant's sole issue on appeal has been a challenge to the sufficiency of the evidence to support his open container conviction. When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict,

indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{3}** The jury was instructed, in pertinent part, that in order to convict Defendant, they had to find that he drove a vehicle and was in "immediate possession" of an open bottle containing alcohol. [RP 105] *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured.").

**{4}** Defendant continues to argue that the evidence was insufficient to show that the "immediate possession" element was satisfied during the time that Defendant was driving the vehicle. We conclude that the district court, sitting in its appellate capacity, correctly determined that there was sufficient evidence to support the metropolitan court conviction. Specifically, the State presented the testimony of Deputy Paul Jessen, who testified that he made a traffic stop of a vehicle driven by Defendant, which resulted in Defendant's arrest for DWI. [RP 206] Deputy Jessen testified that he found an open bottle containing alcohol in the front passenger area; there was some equivocation as to whether the bottle was on the passenger seat or on the floorboard in front of it. [RP 206-07]

**{5}** Defendant continues to argue that this evidence does not establish that this was in his actual physical possession, as required by *State v. Nevarez*, 2010-NMCA-049, ¶¶ 19-20, 148 N.M. 820, 242 P.3d 387 (stating that NMSA 1978, Section 66-8-138(B) (2013) does not permit constructive possession). However, the fact-finder could reasonably infer that Defendant had the open bottle in his actual physical possession while driving prior to being stopped by the deputy. *Cf. State v. Mailman*, 2010-NMSC-036, ¶¶ 2-4, 23-24, 148 N.M. 702, 242 P.3d 269 (stating that evidence may permit a jury to reasonably infer past driving for purposes of supporting a DWI conviction). Although *Nevarez* required the "immediate possession" under Section 66-8-138(B) to require actual possession, it clarified that this could be established by circumstantial evidence. 2010-NMCA-049, ¶¶ 21-22. Here, Defendant was observed driving the vehicle, he was the sole occupant of the vehicle, he smelled of alcohol, and admitted to drinking. [RP 207] In contrast, there were three passengers in the vehicle in *Nevarez*, all of whom were holding open beer cans. *Id.* ¶ 4. It would have been speculative to infer in that case that the additional open containers in that vehicle had been in the recent possession of the defendant, as opposed to his passengers. Here, the above-noted facts indicate that it was reasonable to infer actual possession at some point while

Defendant was driving. As such, we conclude that the evidence was sufficient in this case.

{6}     Based on the foregoing, we affirm.

{7}     **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**