This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37900**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RICKY SENA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** A jury convicted Defendant Ricky Sena of battery, pursuant to NMSA 1978, Section 30-3-4 (1963); unlawful taking of a motor vehicle, pursuant to NMSA 1978, Section 30-16D-1(A)(1) (2009); aggravated fleeing a law enforcement officer, pursuant to NMSA 1978, Section 30-22-1.1 (2003); and resisting, evading, or obstructing an officer, pursuant to NMSA 1978, Section 30-22-1 (1981). Defendant raises two issues on appeal. First, he appeals his conviction for aggravated fleeing of law enforcement on

the grounds that the State did not present sufficient evidence to support his conviction. Second, Defendant asserts that the district court abused its discretion by denying his motion to grant a change in venue due to pretrial publicity. Unpersuaded, we affirm.

**BACKGROUND**

**{2}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of the case, we set forth here only a brief overview of the relevant historical facts of the case. We include discussion of specific facts where necessary to our analysis.

**{3}** On July 16, 2017, Daniel Kilmer called police to report that his vehicle had just been stolen. Kilmer was inside an Allsup's convenience store making a purchase when he noticed an unknown male in his car, driving away. Sergeant Trevor Thron of the Clovis Police Department responded shortly thereafter to meet with Kilmer at the Allsup's. Not long after their meeting, while still on patrol, Sergeant Thron observed a car that matched the description of the stolen vehicle. Sergeant Thron activated his emergency lights and siren in an attempt to stop the vehicle. However, Defendant, the driver of the vehicle, did not pull over or yield to Sergeant Thron's attempt to get him to stop. Sergeant Thron, with his emergency lights and sirens activated, followed Defendant through various city roads for approximately four miles. Other Clovis Police Officers also joined to assist in the pursuit, as did deputies from the Curry County Sheriff's Office, anticipating that Defendant may flee city limits.

**{4}** At times during the pursuit, Sergeant Thron observed Defendant driving at speeds between 45-65 miles per hour. Defendant drove into oncoming traffic lanes at least twice. He then proceeded to lead law enforcement officers into the parking lot of the Comfort Inn hotel, where people at the hotel had to run to get out of the way of Defendant's vehicle. Out of concern for the safety of the surrounding public, the pursuit was terminated at Sergeant Thron's directive after approximately eight minutes of Defendant fleeing from law enforcement. Defendant was later apprehended by the Curry County Sheriff's Office, after leading police on at least one other pursuit.

**DISCUSSION**

**{5}** Defendant argues that there was insufficient evidence to support his conviction for aggravated fleeing of law enforcement because the State failed to establish that he drove in a manner that endangered the life of any individual. Defendant also asserts the district court abused its discretion when it denied his motion for change of venue, depriving him of the right to a fair trial because members of the local county were prejudiced against him.

**I.    There Was Sufficient Evidence for the Jury to Find Defendant Guilty of Aggravated Fleeing a Law Enforcement Officer**

**{6}** Defendant challenges the sufficiency of the evidence supporting his conviction for aggravated fleeing a law enforcement officer. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). With regard to sufficiency of the evidence challenges, this Court's function is to "ensure that a rational jury *could* have found beyond a reasonable doubt the essential facts required for a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. To determine whether substantial evidence exists, we measure the evidence against the instructions submitted to the jury. *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured.")

**{7}** The jury was instructed that to find Defendant guilty of aggravated fleeing of law enforcement, the State was required to prove, beyond a reasonable doubt, that:

> 1. [D]efendant operated a motor vehicle;
>
> 2. [D]efendant drove willfully and carelessly in a manner that *endangered* the life of another person;
>
> 3. [D]efendant had been given a visual or audible signal to stop by a uniformed law enforcement in an appropriately marked law enforcement vehicle;
>
> 4. [D]efendant knew that a law enforcement officer had given him an audible or visual signal to stop;
>
> 5. This happened in New Mexico on or about July 16, 2017.

*See* UJI 14-2217 NMRA (emphasis added). We limit our sufficiency review to the element of endangerment, as it is the only element of aggravated fleeing challenged on appeal.

**{8}** "We view the aggravated fleeing statute as evincing legislative intent to more severely punish people who jeopardize the safety of others while fleeing from law enforcement officers." *State v. Vest*, 2018-NMCA-060, ¶ 8, 428 P.3d 287, *cert. granted*, 2018-NMCERT-___ (No. S-1-SC-37210, Sept. 24, 2018). The act of fleeing law enforcement is aggravated because "the person flees in a manner that endangers the lives of others." *Id.* (alteration, internal quotation marks, and citation omitted). Thus, "the aggravated fleeing statute requires that the [s]tate prove actual endangerment to another person." *Id.* ¶ 10.

**{9}** During trial, the jury was presented with testimony from the officers involved in the pursuit, and the dash camera footage that recorded the pursuit. The jury heard testimony from Sergeant Thron about two specific individuals who were endangered by Defendant's actions while fleeing from law enforcement. Sergeant Thron testified that two individuals who were crossing through the Comfort Inn parking lot had to "run and get out of the way" of Defendant's "vehicle [when] they saw [Defendant and law enforcement] coming around the corner." While there was officer testimony regarding other actions taken by Defendant during this pursuit, the Court relies on this evidence alone to determine that there was sufficient evidence to satisfy the endangerment element. When viewing the evidence in the light most favorable to the verdict, we hold the evidence presented at trial was sufficient to support the jury's verdict that Defendant drove willfully and carelessly in a manner that endangered the life of another person. *See* UJI 14-2217.

## II. The District Court Did Not Abuse Its Discretion by Denying Defendant's Motion for Change of Venue

**{10}** Defendant next argues the district court erred in denying his pretrial motion to change venue. "We review the denial of a motion for change of venue for an abuse of discretion." *State v. Astorga*, 2015-NMSC-007, ¶ 68, 343 P.3d 1245. The district court possesses broad discretion in ruling on a motion to change venue, and absent a showing of an abuse of that discretion, we will not disturb its decision. *See State v. Chamberlain*, 1991-NMSC-094, ¶ 6, 112 N.M. 723, 819 P.2d 673. "The burden of establishing an abuse of discretion is borne by the party that opposes the [district] court's venue decision." *State v. Vasquez*, 2010-NMCA-041, ¶ 35, 148 N.M. 202, 232 P.3d 438 (internal quotation marks and citation omitted).

**{11}** A district court's decision whether "to grant a change of venue may be based on either a presumption that prospective jurors are prejudiced or on evidence of actual juror prejudice." *Id.* ¶ 36. "Presum[ptive] prejudice arises when evidence shows that the community is so saturated with inflammatory publicity about the crime that it must be presumed that the trial proceedings are tainted." *Astorga*, 2015-NMSC-007, ¶ 68 (internal quotation marks and citation omitted). "Actual prejudice requires a direct investigation into the attitudes of potential jurors during voir dire to establish whether there is such widespread and fixed prejudice within the jury pool that a fair trial in that venue would be impossible." *Id.* (alteration, omission, internal quotation marks, and citation omitted). "Voir dire establishes actual prejudice by exposing the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality." *State v. House*, 1999-NMSC-014, ¶ 52, 127 N.M. 151, 978 P.2d 967 (internal quotation marks and citation omitted). "A finding of no actual prejudice must be supported by substantial evidence and necessarily precludes a finding of presumed prejudice." *Astorga*, 2015-NMSC-007, ¶ 68 (internal quotation marks and citation omitted).

**{12}** Defendant's change of venue motion indicates that one month before his scheduled jury trial in this underlying case, he escaped from Curry County Detention Center. As a result of his escape from the detention center, there was extensive news

coverage—both statewide and nationwide—of the escape and subsequent manhunt. Defendant asserted that the pretrial publicity, occurring less than thirty days before his scheduled trial, gave rise to a reasonable probability that he would not receive a fair trial. Following a hearing on Defendant's motion, the district court denied the motion in a decision letter. The district court stated Defendant "failed to establish actual prejudice or a presumption of prejudice," and that "media coverage alone [was] insufficient for [the c]ourt to change venue." The parties were advised that their questions related to possible prejudice or formation of fixed opinions by potential jurors should "be vetted through the voir dire process[.]"

**{13}** During voir dire, Defendant did not inquire whether any of the potential jurors had been exposed to the media coverage regarding the instant case or other related cases. Defendant did not renew his request for change of venue after voir dire but instead waited to raise the issue on appeal.

**{14}** Defendant argues, as he did in the district court, that pretrial publicity and public statements by community officials resulted in presumptive prejudice by saturating the community of Clovis and surrounding communities as well. However, as we noted above, the district court expressly found that Defendant did not demonstrate presumptive prejudice and that he was required to proceed with an examination of actual prejudice through voir dire. Therefore, our review of Defendant's argument is limited to the evidence of actual prejudice. *See State v. Barrera*, 2001-NMSC-014, ¶ 16, 130 N.M. 227, 22 P.3d 1177 (concluding that "if the [district] court determines that a movant has not demonstrated presumed prejudice and proceeds with voir dire, we will limit our review to the evidence of actual prejudice").

**{15}** On appeal, the State argues that Defendant did not take the opportunity to screen for actual prejudice during voir dire, as he was advised to do by the district court. The State thus asserts that Defendant failed to carry his burden to show that the district court's ruling was an abuse of discretion requiring reversal. We agree.

**{16}** In this case, Defendant had the opportunity to establish actual prejudice during voir dire. However, Defendant did not do so. Counsel did not take the opportunity to question the prospective jurors about their exposure to the media coverage regarding the instant case, or other media coverage about Defendant. Moreover, Defendant makes no argument that any of the impaneled jurors exhibited actual prejudice. "Defendant did not renew his motion for a change of venue after voir dire, tacitly agreeing that there was no evidence of actual prejudice among the members of the guilt-phase jury panel." *Astorga*, 2015-NMSC-007, ¶ 70. Accordingly, we conclude that the district court did not abuse its discretion in denying Defendant's motion for change of venue.

**CONCLUSION**

**{17}** For the foregoing reasons, we affirm.

**{18}** IT IS SO ORDERED.

SHAMMARA H. HENDERSON, Judge

WE CONCUR:

JULIE J. VARGAS, Judge

KRISTINA BOGARDUS, Judge