This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39181**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**ABRAHAM R. OTERO,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Court Judge**

Raúl Torrez, Attorney General
Van Snow, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Defendant Abraham Otero appeals his conviction of criminal sexual penetration (CSP) of a minor (child thirteen to sixteen), contrary to NMSA 1978, Section 30-9-11(G)(1) (2009). On appeal, Defendant raises four issues: (1) the district court failed to enter a mistrial when it was informed about "culturally insensitive" remarks made during jury deliberations; (2) the State presented insufficient evidence to establish that Defendant knew Victim (M.M.) was under sixteen years of age; (3) allowing a medical provider to testify about M.M.'s age violated the Confrontation Clause; and (4) the

district court committed reversible error by granting the prosecution's motion to amend the indictment. After careful consideration of Defendant's issues, we affirm.

**{2}** Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

## DISCUSSION

### I.     Juror Bias

**{3}** Following a day-and-a-half long trial, the jury retired for deliberations at approximately 11:45 a.m. At approximately 1:15 p.m., the district court came back on the record and announced that there was a verdict. The district court judge then stated, "I guess there's also some tension in the jury room. Some culturally insensitive remarks were made by one or two jurors and that enraged the other jurors. I think we're physically separating the group right now." The district court asked if either side wanted to address that issue, at which point the State recommended that standard polling be conducted. The district court then asked defense counsel if further motions would be made on this issue and the defense responded, "No." The jury returned to the courtroom for taking of the verdict and for polling. The verdicts were unanimous. Defense counsel then approached the bench and expressed concern about whether standard polling was the appropriate remedy.

**{4}** During its polling of the jury, the district court asked each member of the jury if the verdict was their own, if the verdict was that of all twelve members of the jury, and if all twelve members participated in deliberation; each juror responded affirmatively. Following the trial, there is no indication in the record that Defendant's attorney spoke with any of the jurors about the incident and did not seek a new trial. Apart from the district court's characterization of the alleged "culturally insensitive" remarks, what was actually said in the jury room and by which juror is unknown.

**{5}** On appeal, Defendant contends that racially biased statements and violence infected the jury deliberation and asks that this Court reverse his conviction on this basis. The State contends that Defendant waived his claim of jury bias, invited any error, and otherwise failed to preserve his claim of error. The State further argues that even if review is appropriate on appeal, Defendant does not meet the standard he advances in his briefing. Because we agree with the State on this point, we do not address its other contentions about waiver, invited error, and preservation. Citing *Commonwealth v. McCalop*, 152 N.E.3d 1114 (Mass. 2020), among other authorities, Defendant claims that he made a prima facie showing that the jury had been "exposed to statements that infected the deliberative process with racially or ethnically charged language or stereotypes." *See id.* at 1124. In light of this prima facie showing, Defendant contends, the district court judge had a duty to inquire into the claims of

racial bias and violence. Assuming, without deciding, that Defendant advances the appropriate standard to apply under the circumstances, his claim of error fails because there is no evidence in the record that bears out his assertions. *See Sanders v. Est. of Sanders*, 1996-NMCA-102, ¶ 1, 122 N.M. 468, 927 P.2d 23 (assuming without deciding a legal issue because it is not outcome-determinative).

**{6}**      The brief statement from the district court judge that one or two jurors made "culturally insensitive" remarks and that the group of jurors was being physically separated is the extent of the record on the matter. We do not know the nature of the remarks—whether they were racially motivated or not—and we do not know why jurors were being physically separated. Defendant did not take any action apart from stating his concerns to the district court. He did not investigate the incident to flesh out the details or seek remedial action if he believed it was necessary. *Cf. Acosta v. Shell W. Expl. & Prod., Inc.*, 2013-NMCA-009, ¶ 39, 293 P.3d 917 (stating that Rule 11-606(B) NMRA has not been used as a per se bar against consideration of any statement made by a juror), *rev'd on other grounds*, 2016-NMSC-012, ¶ 2, 370 P.3d 761. That is, Defendant did nothing to develop the record in support of his claims of error on appeal. *See Sandoval v. Baker Hughes Oilfield Operations*, Inc., 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791 ("It is the duty of the appellant to provide a record adequate to review the issues on appeal.").

**{7}**      In light of this record, we are unable to conclude that the district court had an obligation to sua sponte investigate the matter or otherwise committed error. *See id.* ("Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered." (internal quotation marks and citation omitted)); *Michaluk v. Burke*, 1987-NMCA-044, ¶ 25, 105 N.M. 670, 735 P.2d 1176 ("Where the record on appeal is incomplete, the ruling of the trial court is presumed to be supported by the evidence.").

## II.      Sufficiency of Evidence

**{8}**      Next, Defendant argues that there is insufficient evidence to prove beyond a reasonable doubt that Defendant knew that M.M. was not sixteen years old when he engaged in sexual intercourse with her. Defendant points to the fact that the State did not present any witnesses who were at the party or who knew Defendant and M.M. The State responds that the jury is free to reject Defendant's version of the facts, may reasonably infer from photographs of M.M., and rely on "their ordinary knowledge and experience concerning [thirteen] year-old girls" to find that Defendant knew that M.M. was not sixteen years old when he had sex with her.

**{9}**      "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2021-NMCA-006, ¶ 11, 482 P.3d 1285 (internal quotation marks and citation omitted). "Jury instructions become the law of the case against which the sufficiency of the evidence is

to be measured." *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883. "We view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *Montoya*, 2021-NMCA-006, ¶ 11 (internal quotation marks and citation omitted). "The relevant question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). We do "not weigh the evidence and may not substitute [our] judgment for that of the fact[-]finder so long as there is sufficient evidence to support the verdict." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "An appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *Sutphin*, 1988-NMSC-031, ¶ 21. "When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence." *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393.

**{10}** Here, the jury was instructed that to find Defendant guilty of criminal sexual penetration of a child thirteen to sixteen, it must find that Defendant did not act under an honest and reasonable belief that M.M. was sixteen years of age. *See* UJI 14-962 NMRA. There is no dispute that Defendant had sex with M.M. on July 4, 2016, and that she was thirteen years old at the time. In addition to viewing photographs of M.M., the jury heard M.M.'s voice during a telephone call she had with Defendant while Defendant was in jail months after the incident. Defendant testified that M.M.'s mother, Sarah, was his uncle's stepdaughter; Defendant had known Sarah for many years prior to the incident; and Defendant knew Sarah had children. Defendant testified that he had spent time with M.M. and her mother prior to July 4, 2016. At trial, Defendant admitted that he lied to Detective Chavez during the interview, but he was not lying to the jury on the stand. Additionally, Defendant concedes that he stipulated to M.M.'s actual age at trial. Reviewing the evidence at trial, we conclude the evidence was sufficient for a rational trier of fact to reject Defendant's version of events and to find that Defendant knew that M.M. was not sixteen years old on July 4, 2016, when he had sex with her.

### III. Defendant's Remaining Claims of Error

**{11}** Defendant raises two other points of error. Specifically, Defendant contends that allowing a medical provider to testify about M.M.'s age violated the Confrontation Clause, even though he stipulated to M.M.'s age, and that the district court committed reversible error by granting the prosecution's motion to amend the indictment, notwithstanding that Defendant did not make a showing of actual prejudice. To the extent these claims of error are preserved and properly before this Court, after consideration of the briefing, the record, and relevant law, we conclude they are without merit and provide no basis for reversal. We, therefore, decline to address them further.

*See Aguilar v. State*, 1988-NMSC-004, ¶ 1, 106 N.M. 798, 751 P.2d 178 (summarily disposing of certain issues based on their lack of merit).

**CONCLUSION**

**{12}** For these reasons we affirm.

**{13}  IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**MICHAEL D. BUSTAMANTE, Judge,
retired, sitting by designation**