This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41212

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**BOBBIE CARTER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Daylene A. Marsh, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Bianca Ybarra, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals her conviction for possession of a controlled substance (methamphetamine). [RP 114-16] Defendant argues that there was insufficient evidence to support her conviction. [BIC 4] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{3}** "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883. The jury was instructed that it had to find that (1) "[D]efendant had methamphetamine in her possession"; (2) "[D]efendant knew it was methamphetamine"; and (3) "[t]his happened in New Mexico on or about the 21st day of May, 2022." [RP 96] The jury was also instructed on constructive possession and general intent. [RP 97-98] Defendant argues that "the State did not prove she knew the meth was in her pocket nor did she act intentionally to possess the substance." [BIC 6]

**{4}** On the day in question, a deputy with the San Juan County Sheriff's Office went to Defendant's house to serve a failure to appear warrant. [BIC 5] After arresting Defendant, the deputy conducted a search incident to arrest, but discovered only a lighter in Defendant's pocket. [BIC 6] Later, Defendant was searched after arriving at the jail and it was discovered that she had a plastic bag containing a substance in her pocket. [Id.] After receiving her *Miranda* warning, Defendant informed the arresting deputy that the substance was probably methamphetamine and she later stipulated at trial that the substance was methamphetamine. [BIC 6-7]

**{5}** This was sufficient evidence for the jury to find beyond a reasonable doubt for each element of the offense. The question of a defendant's "knowledge or intent generally presents a question of fact for a jury to decide." *State v. Wasson*, 1998-NMCA-087, ¶ 12, 125 N.M. 656, 964 P.2d 820. Further, because knowledge, like intent, "can rarely be proved directly [it] often is proved by circumstantial evidence." *State v. Durant*, 2000-NMCA-066, ¶ 15, 129 N.M. 345, 7 P.3d 495. In this case, the jury could have reasonably inferred that Defendant knew she possessed methamphetamine based on her statement to police after its discovery that she knew what the substance was, the fact that police had already recovered a lighter from her pocket during a prior search, and the fact that the methamphetamine was located in the pocket of the pants Defendant wore from the time she first spoke to the deputy until she was searched at the jail. Indeed, this Court has previously upheld a conviction for possession of a controlled substance under a similar jury instruction where the methamphetamine was discovered in the defendant's pocket subsequent to arrest. *See State v. Tidey*, 2018-NMCA-014, ¶¶ 25-26, 409 P.3d 1019 (upholding the sufficiency of the evidence for a

conviction of possession of a controlled substance where the arresting officer found methamphetamine in the defendant's right pocket).

{6}     Although Defendant testified that the pants were not hers and "presented an alternate and credible version of the events of that morning," the jury was free to reject her version of events. [BIC 6] *See State v. Trujillo*, 2002-NMSC-005, ¶ 31, 131 N.M. 709, 42 P.3d 814 ("The fact[-]finder can reject the defendant's version of an incident." (internal quotation marks and authority omitted)). In asking this Court to reweigh the evidence considered at trial, Defendant is inviting us to substitute our judgment for that of the jury. That is not the proper role of an appellate court. *See State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 (explaining that an appellate court does not "substitute its judgment for that of the fact[-]finder" (internal quotation marks and citation omitted)); *see also Rojo*, 1999-NMSC-001, ¶ 19 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

{7}     Defendant relies generally on *State v. Maes*, 2007-NMCA-089, ¶ 11, 142 N.M. 276, 164 P.3d 975, for the proposition that a person can have knowledge of contraband in a house without necessarily having control over it, and simply having knowledge is not enough to establish constructive possession. However, *Maes* is distinguishable. *Id.* ¶ 21 (rejecting the state's contention that the defendant "necessarily controlled every item in the house of which she had knowledge"). The methamphetamine in this case was found on Defendant's person, not in her residence, and Defendant does not direct us to any authority or develop any argument that the constructive possession analysis from *Maes* should be extended to the facts of this case. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). Accordingly, we conclude Defendant's testimony that she was unaware of the contents of her pocket does not provide a basis for reversal on appeal and, for that reason, we affirm.

**{8}     IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**