This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41737**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**DONNE W. EARL a/k/a DONNIE EARL a/k/a DONNIE W. EARL, JR. a/k/a WILLIAM DONNIE EARL a/k/a JIMMY WILLIAM SIMMONS,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Courtney Bryn Weaks, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this

case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals his conviction for aggravated battery on a household member. [BIC 3] Defendant argues that there was insufficient evidence to support his conviction. [Id.] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{3}** "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883. Here, the jury was instructed that the State had to prove that (1) Defendant touched or applied force to the victim by strangling or suffocating her; (2) Defendant intended to injure the victim; (3) Defendant caused great bodily harm to the victim, or acted in a way that would likely result in death or great bodily harm to the victim; (4) the victim was a household member of Defendant; and (5) this happened in New Mexico on or about the 28th day of December, 2022. [RP 108] The jury was also provided a definitional instruction of "[s]trangulation," which defined the term as "the unlawful touching or application of force to another person's neck or throat with the intent to injure that person and in a manner whereby great bodily harm or death can be inflicted, the result of which impedes the person's normal breathing or blood circulation." [RP 112]

**{4}** Defendant contends that the State failed to prove the act of strangulation beyond a reasonable doubt. [BIC 4] While acknowledging that the State relied primarily on the victim's testimony to prove the charge [BIC 5], Defendant asserts that "[t]he SANE nurse relied on the statements of [the victim] in order to diagnose strangulation. Without [the victim's] statements, it is unclear whether the images [showing bruises and scratches on the victim's neck and bite marks on her finger] submitted as exhibits would have supported strangulation on their own." [Id.] However, as the brief in chief acknowledges, the testimony of the victim alone is sufficient to affirm his conviction. [Id.] *See, e.g.*, *State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333.

**{5}** The victim in this case testified that Defendant put his arm around her neck and told her to die, squeezed her neck hard enough that she urinated on herself and was losing air, she could hear herself making a gurgling sound while this occurred, and she believed she was close to death. [BIC 1] The victim further testified that Defendant strangled her "a few times," each time lasting about fifteen to thirty seconds, her larynx was damaged, and her voice has sounded different since the incident. [BIC 2] In addition to this testimony, the State also submitted the above mentioned photos, taken

by the investigating police officers, showing bruises and scratches on the victim's neck along with similar photos taken by the SANE nurse. [Id.] Consequently, we conclude there was substantial evidence supporting the jury's finding that Defendant strangled or suffocated the victim and thus we affirm Defendant's conviction.

**{6}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**