This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38773**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**EDWARD ROMERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John J. Woykovsky, Assistant Attorney General
Albuquerque, NM

for Apellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant Edward Romero appeals his conviction for intimidating a witness, contrary to NMSA 1978, Section 30-24-3(A)(2) (1997). Defendant argues that (1) there was insufficient evidence to support the conviction; (2) the district court erred in refusing Defendant's requested jury instructions; and (3) the district court abused its discretion in three evidentiary rulings. We affirm.

**DISCUSSION**

## I. Sufficiency of the Evidence

{2} Defendant first challenges the sufficiency of the evidence supporting his conviction, arguing that the State failed to present any evidence that he intimidated or threatened his brother, Quirino "Mike" Romero, when Defendant called Mike from jail and instructed him to "plead the Fifth," which Defendant understood to mean "you don't remember what happened." Applying the standard of review articulated in *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176, we conclude that sufficient evidence supports Defendant's conviction.

{3} Intimidation of a witness consists of "intimidating or threatening any witness . . . for the purpose of preventing such individual from testifying to any fact, to abstain from testifying or to testify falsely[.]" Section 30-24-3(A)(2). The jury was instructed that to find Defendant guilty, the State must prove:

1. . . . Mike . . . was a witness in a jury trial;

2. [D]efendant knowingly intimidated or threatened . . . Mike . . . for the purpose of preventing . . . Mike . . . from testifying to any fact, causing . . . Mike . . . to abstain from testifying, or causing . . . Mike . . . to testify falsely in the jury trial;

3. This happened in New Mexico on or between May 2, 2017 and May 24, 2017.

*See* UJI 14-2402 NMRA; *see also State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured.").

{4} The State presented evidence that Defendant had been charged with assault and assault against a household member in a separate case that was set for trial on May 24, 2017. Mike was a victim in that case and had been subpoenaed to testify at trial. Despite a no-contact order, Defendant called Mike about a week before trial. A recording of the call was made an exhibit at trial and was played for the jury. During the call, after Defendant identified himself, the following exchange took place:

| Mike: | What's going on? |
|---|---|
| Defendant: | Nah bro, I'm fuckin' locked up. What's going on bro? You gonna go testify against me?" |
| Mike: | I ain't gonna say shit. I don't know what the fuck's going on. I've been sick. |
| Defendant: | Well you were in court the other day. |

| | |
|---|---|
| Mike: | I went over there and they postponed it. |
| Defendant: | Yeah I know. It's this coming Wednesday. Plead the Fifth! Plead the Fifth. The Fifth is you don't remember what happened. And . . . after you say I don't know what happened, I don't remember, it was that long ago, I don't know what was said, then you plead the Fifth after you say that. And then I'll go up an' tell my testimony and it'll be dropped. But remember what I told you, Mike. |
| Mike: | I know. |
| Defendant: | You know what you gotta say when you go to that court when you go over there. Don't you fuckin' let 'em scare you. Don't you let them intimidate and scare you. Just saying what you need to tell them, you forgot what happened, it's been so long ago, and I plead the Fifth. And that's all. |

Later during the call, Defendant reiterated those instructions, telling Mike to say, "I just plead the Fifth. That's all you fucking say." Mike did not appear for trial, and the case against Defendant was dismissed. At trial in this case, Defendant testified that he made the call to Mike so he could "get out of jail."

**{5}**     While Defendant argues that this evidence is insufficient to establish that Defendant threatened or intimidated Mike, viewing the evidence in the light most favorable to the State, the substance of the phone call and the context in which it was made—to a victim and witness in the underlying proceedings in spite of a no-contact order—provided a sufficient evidentiary basis from which the jury could conclude that Defendant intimidated Mike. The jury is in the best position to weigh the evidence and this Court "may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. Because we conclude that the State presented sufficient evidence for the jury to find that Defendant intimidated Mike, we will not disturb the jury's verdict on appeal.

## II.     Jury Instructions

**{6}**     Defendant next argues that the district court erred in denying his requested jury instructions. We review the jury instructions for reversible error, seeking "to determine whether a reasonable juror would have been confused or misdirected by the jury

instruction." *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (internal quotation marks and citation omitted).

{7}    Defendant first argues that his requested jury instruction on the elements of the offense "better tracked the evidence presented" than the instruction tendered by the State. The instruction given to the jury conformed to UJI 14-2402 and stated, "[D]efendant knowingly intimidated or threatened Quirino 'Mike' Romero for the purpose of [1] preventing . . . Mike . . . from testifying to any fact, [2] causing . . . Mike . . . to abstain from testifying, or [3] causing . . . Mike . . . to testify falsely in the jury trial[.]" Defendant proposed a narrower instruction that included only the second of the three alternatives listed in the UJI—that Defendant knowingly intimidated or threatened Mike for the purpose of causing Mike "*to abstain from testifying in a judicial proceeding.*" (Emphasis added.) Defendant contends that the State's instruction was improper because there was no evidence to support the first and third alternatives, i.e., that Defendant's purpose was to prevent Mike from testifying to any fact or to cause him to testify falsely. We disagree. As set forth above, Defendant specifically instructed Mike that "when you go to that court . . . you need to tell them you forgot what happened[.]" The phone call was thus sufficient to establish that Defendant's purpose in calling Mike may have included preventing Mike from testifying to any fact or to cause Mike to testify falsely. Accordingly, we perceive no error in the district court's decision to refuse the instruction tendered by Defendant in favor of the instruction tendered by the State. *See State v. Saiz*, 2008-NMSC-048, ¶ 57, 144 N.M. 663, 191 P.3d 521 (explaining that "a trial court is warranted in providing the jury with accurate instructions of law on all theories of the case that are supported by substantial evidence"), *abrogated on other grounds by State v. Belanger*, 2009-NMSC-025, ¶ 36 n.1, 146 N.M. 357, 210 P.3d 783; *see also* UJI 14-2402 use note 2 (instructing parties to "[u]se applicable bracketed alternatives").

{8}    Second, Defendant argues that the jury should have been given a definitional instruction "on what constitutes 'threat' or 'intimidation' under the law" and that the jury was misled in the absence of that instruction. While Defendant argues that the jury did not have a clear understanding of what "threat" and "intimidation" meant under the law, the definitions Defendant requested be given to the jury were based on the common uses of the words. Defendant has not shown that the terms have a different legal meaning that would require additional definitional instructions. *See State v. Gonzales*, 1991-NMSC-075, ¶ 30, 112 N.M. 544, 817 P.2d 1186 ("Generally, definitional instructions are not required when the terms are used in their ordinary sense and no error is committed in refusing to instruct on a term or word with a common meaning."). In addition, Defendant does not show any applicable precedent that supports the inclusion of the definitions, *see* UJI Crim. General Use Note, nor has he persuaded us that a reasonable juror would have been confused or misled in the absence of a definitional instruction. We therefore conclude that the district court did not err by refusing Defendant's requested instructions.

## III.    Evidentiary Issues

**{9}** Defendant raises three evidentiary arguments on appeal. He contends that the district court erred in (1) refusing to allow him to impeach a witness with extrinsic evidence of a prior inconsistent statement; (2) admitting evidence of prior bad acts; and (3) admitting evidence that Defendant was in jail at the time he made the phone call to Mike. "We review the trial court's evidentiary rulings for abuse of discretion." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829. In the event of an error we must also engage in a harmless error analysis, where "we look to whether there is a reasonable probability that the error affected the verdict." *State v. Astorga*, 2015-NMSC-007, ¶ 43, 343 P.3d 1245. "Defendant bears the initial burden of demonstrating that he was prejudiced by the error." *Id.*

## A. Impeachment With an Inconsistent Statement

**{10}** Defendant argues that the district court erred in refusing to allow Defendant to impeach Mike with extrinsic evidence of a prior inconsistent statement. Defendant contends that Mike made a statement at a preliminary hearing that he did not feel intimidated but subsequently changed his statement during trial to say that he was intimidated. Defendant argues that the district court erred in declining to allow defense counsel to play a recording of Mike's testimony at the preliminary hearing during trial.

**{11}** Even if we were to conclude that the district court erred in its ruling, we conclude that any error was harmless. Defendant argues that the recording was necessary because the jury had to evaluate Mike's credibility. However, defense counsel successfully impeached Mike on this point during cross-examination, and Mike did not deny having make the earlier statement. Given this, the extrinsic evidence of the prior statement was only minimally relevant to Mike's credibility. *See Astorga*, 2015-NMSC-007, ¶ 43. Moreover, as the district court correctly observed, whether Mike subjectively felt intimidated was ultimately irrelevant to the charge. *See State v. Fernandez*, 1994-NMCA-056, ¶ 35, 117 N.M. 673, 875 P.2d 1104 (stating that the state is not required to prove that the victim was actually intimidated or that the defendant's act was ultimately successful). For these reasons, we conclude that any error in excluding extrinsic evidence of Mike's prior inconsistent statement was harmless.

## B. Prior Bad Acts

**{12}** Defendant also asserts that the district court erred in admitting into evidence the judgment and sentence from the underlying case, which named the specific charges Defendant was accused of. Defendant baldly asserts that the admission of his prior bad acts was to prove propensity and was therefore prohibited under Rule 11-404(B)(1) NMRA. Defendant further contends, without elaboration, that "its admission was not harmless, because there is a reasonable probability that this error affected the verdict in this case."

**{13}** The State maintains that the evidence of the underlying charges was relevant to establish Defendant's motive to threaten or intimidate Mike and was thus properly admitted under Rule 11-404(B)(2). The district court agreed with the State, reasoning

that the exhibit was probative of Defendant's motive and intent and was not unfairly prejudicial. Defendant has not addressed the basis for the district court's ruling or argued why it amounts to an abuse of discretion. Likewise, Defendant has not explained or pointed to any portion of the record indicating that the State used this evidence to show propensity at trial. Accordingly, we see no basis to conclude that the district court erred in its ruling.

## C.    Calls From the Jail

**{14}**    Defendant also argues that the district court erred by admitting evidence that he was in jail when he made the phone call to Mike, and that the admission of the phone calls violated Defendant's constitutional right to privacy. Having reviewed Defendant's argument and the authority he relies upon, we find these claims to be without merit.

## CONCLUSION

**{15}**    For the foregoing reasons, we affirm.

**{16}    IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JANE B. YOHALEM, Judge**