This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41305**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TYRONE DAVIS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Joseph Montano, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Bianca Ybarra, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's judgment and sentence and challenges the sufficiency of the evidence to support his conviction for misdemeanor aggravated battery (no great bodily harm). [BIC 9-15] When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted). "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883.

**{3}** In the current case, the jury was instructed that it could find Defendant guilty of misdemeanor aggravated battery (no great bodily harm) if the State proved beyond a reasonable doubt that Defendant, in relevant part: "touched or applied force to [Victim] by grabbing her throat"; "intended to injure [Victim]"; and "caused [Victim] painful temporary disfigurement." [RP 114] On appeal, Defendant contends the State failed to prove that he caused "painful temporary disfigurement" to Victim. [BIC 11-15] We disagree.

**{4}** The incident at issue occurred while Victim, Defendant, and Victim's grandfather were at Victim's grandfather's home to have dinner. [BIC 5-6] Victim is the daughter of Defendant's now ex-girlfriend, Ms. Archuleta. [BIC 5-6] While at Victim's grandfather's house, Defendant accused Victim of stealing marijuana from him and physically attacked Victim. [BIC 6] Defendant threw Victim, hit her multiple times, and choked her. [BIC 6] Victim's grandfather tried to stop Defendant several times and tried to calm him down. [BIC 7] Victim was able to run out of the house. [BIC 6] Defendant followed Victim outside and, again, hit Victim in the face and body, and he choked her. [BIC 6]

**{5}** Victim had multiple bruises and scratches from Defendant and had a red mark on her neck from where Defendant had strangled her. [BIC 7, 12] Victim testified that, as a result of the attack, she lost her voice and had a hard time swallowing and eating. [BIC 6]

**{6}** In support of his contention that the evidence did not rise to the level of "painful temporary disfigurement," for purposes of establishing the harm done to Victim under the misdemeanor aggravated battery statute, NMSA 1978, § 30-3-5(B) (1969), Defendant relies on out-of-state case law that he asserts applies similar aggravated battery statutes. [BIC 13] Defendant does not refer us to the statutes upon which the outside case law was based and makes a conclusory argument that more than scrapes,

bruises, swelling, discoloration, and other minor or moderate harm is required. [BIC 13] We are not persuaded by Defendant's bald assertion that contains no analysis citing to those statutes and comparing them to our own. *See, e.g.*, *State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (explaining that we will "not review unclear or undeveloped arguments [that] require us to guess at what a part[y's] arguments might be"); *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("It is of no benefit either to the parties or to future litigants for [an appellate c]ourt to promulgate case law based on [its] own speculation rather than the parties' carefully considered arguments."); *see also In re N.M. Indirect Purchasers Microsoft Corp.*, 2007-NMCA-007, ¶ 11, 140 N.M. 879, 149 P.3d 976 (explaining that out-of-state law may provide guidance on where the decisions are based on similar statutes, but even then it may only be persuasive, not binding).

**{7}** Moreover, the examples of injuries that Defendant asserts are not significant enough for the out-of-state jurisdictions are those that may fall squarely within the plain language of New Mexico's statute requiring "painful temporary disfigurement." *See* § 30-3-5(B) ("Whoever commits aggravated battery, inflicting an injury to the person which is not likely to cause death or great bodily harm, but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body, is guilty of a misdemeanor."); *State v. Almanzar*, 2014-NMSC-001, ¶ 14, 316 P.3d 183 (stating that to discern legislative intent, we first look to the plain language of a statute and will give the words their ordinary meaning, and if the language "is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation" (internal quotation marks and citation omitted)). In New Mexico, a misdemeanor aggravated battery is one that does *not* cause great bodily harm. *Compare* § 30-3-5(B), *with* § 30-3-5(C). We conclude that, under the plain language of Section 30-3-5, Defendant's repeated beating and strangulation of Victim resulting in bruises, scratches, a red mark on her neck, the loss of her voice, and trouble swallowing and eating, [BIC 6-7, 12] constitutes the type of painful temporary harm contemplated by our misdemeanor aggravated battery statute. *See, e.g.*, *State v. Reynosa*, A-1-CA-39866, mem. op. ¶ 8 (N.M. Ct. App. May 11, 2023) (nonprecedential) (concluding that the victim's testimony that his neck hurt, he was dizzy, and there was a reddish mark across the victim's throat was sufficient evidence to establish "painful temporary disfigurement" under New Mexico's misdemeanor aggravated battery statute); *cf.* NMSA 1978, § 30-3-16(C)(3) (2018) (providing that when aggravated battery against a household member is committed by strangulation, it is a third degree felony).

**{8}** For these reasons, we affirm Defendant's conviction for misdemeanor aggravated battery.

**{9} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**