This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41423**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**LEROY JIMMY WADE,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**    This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from his conviction for possession of a controlled substance, contrary to NMSA 1978, Section 30-31-23 (2021), challenging the sufficiency of the evidence supporting his conviction. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{3}** At trial, the State presented evidence that Defendant went to the emergency room (ER) for injuries sustained in a motorcycle accident. [BIC 2] An ER nurse testified that, in the process of disrobing Defendant for treatment purposes, he found a small baggie in one of Defendant's socks. The nurse placed the baggie on the counter, and informed the police of its existence. [BIC 1] A police officer testified that on May 9, 2021, he went to the ER room where Defendant was being treated, introduced himself to Defendant, and asked Defendant for some basic identifying information. [BIC 2] While in the room with Defendant, the officer overheard Defendant tell a nurse that he used a little methamphetamine. [BIC 3] The officer *Mirandized* Defendant at that point, and Defendant verbally acknowledged that he understood his rights as they were read to him. [*Id.*] Without having been asked any other questions by the officer, Defendant then informed the officer that "when they took [his] socks off, [he] had some drugs in there" and that it was "a twenty" of methamphetamine. [BIC 3] The officer was wearing a lapel camera at the time, and the video footage was entered into evidence. [BIC 2] The officer later located the baggie that the nurse had placed on the counter and took it for further testing. [BIC 3] A forensic scientist with the Department of Public Safety testified that his testing revealed that the substance in the baggie was methamphetamine. [BIC 4]

**{4}** In order to convict Defendant of possession of a controlled substance, the State was required to prove beyond a reasonable doubt that on or about May 9, 2021, Defendant had methamphetamine in his possession, and Defendant knew it was methamphetamine. [RP 84] *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."); *see also* UJI 14-3102 NMRA (identifying the essential elements of possession of a controlled substance). Defendant's argument on appeal challenges the sufficiency of the evidence to establish that he possessed the methamphetamine. [BIC 10] The question of a defendant's "knowledge or intent generally presents a question of fact for a jury to decide." *State v. Wasson*, 1998-NMCA-087, ¶ 12, 124 N.M. 656, 964 P.2d 820. Because knowledge, like intent, "can rarely be proved directly[, it] often is proved by circumstantial evidence." *State v. Durant*, 2000-NMCA-066, ¶ 15, 129 N.M. 345.

**{5}** According to the State's evidence, the methamphetamine was located on Defendant's person when it was found. *See State v. Tidey*, 2018-NMCA-014, ¶¶ 25-26, 409 P.3d 1019 (upholding the sufficiency of the evidence for a conviction of possession of a controlled substance where the arresting officer found methamphetamine in the defendant's pocket). Additionally, Defendant's statements to the officer correctly identified the location and type of the controlled substance. The evidence was therefore sufficient for the jury to find, beyond a reasonable doubt, each element of the offense—including that Defendant possessed the methamphetamine. *See id.* We therefore reject Defendant's assertion of error. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 ("This [C]ourt does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict.").

**{6}** Accordingly, we affirm Defendant's conviction.

**{7} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**MEGAN P. DUFFY, Judge**