This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41841**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**DOMINIC DE LA O,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**John P. Sugg, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's judgment and sentence, convicting him of felony possession of a controlled substance (methamphetamine) and resisting, evading, or obstructing an officer. Defendant contends that insufficient evidence supports his conviction for possession of methamphetamine. [BIC 3-5] We disagree.

**{3}** When assessing the sufficiency of the evidence to support a conviction, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{4}** Defendant contends the State failed to prove that he knew he was in possession of methamphetamine, as the offense of possession that was instructed to the jury required. [2 RP 283-84; BIC 4-5] *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."); *see also* UJI 14-3102 NMRA (identifying the essential elements of possession of a controlled substance to include knowledge of possession).

**{5}** In the present case, a patrol officer, Officer Brown, testified that he went to the scene of the incident at issue to assist another officer, Sergeant Rincon, to apprehend a person who had a warrant for his arrest. [1 RP 261; BIC 1] That person was Defendant, who Officer Brown saw running away from Sergeant Rincon and into a carwash. [Id.] Officer Brown testified that he lost sight of Defendant, drove through one of the carwash bays, and struck Defendant with his vehicle on his way out. [BIC 1] Officer Brown saw that Defendant had a gun and ordered Defendant to drop it. [Id.] Sergeant Rincon unsuccessfully tried to taser Defendant, and Defendant refused to drop the gun. [Id.] Officer Brown shot Defendant, and Defendant fell to the ground, was arrested, given medical aid, and taken to the hospital. [BIC 1-2; 1 RP 263]

**{6}** To access Defendant's gunshot wound, Defendant's jeans were cut off. [BIC 4; 1 RP 263] Officers later found methamphetamine in the front pocket of those jeans. [BIC 4-5] Defendant acknowledged to police that he was on methamphetamine for a day and a half, but stated that he did not remember having methamphetamine in his pocket. [BIC 5]

**{7}** On appeal, Defendant asserts that he was honest and open with police. [BIC 5] He contends the State did not prove that the jeans Defendant was wearing were his and

not borrowed and presented no evidence of Defendant's knowledge of the presence of methamphetamine in the jeans he was wearing. [Id.]

**{8}** The question of a defendant's "knowledge or intent generally presents a question of fact for a jury to decide." *State v. Wasson*, 1998-NMCA-087, ¶ 12, 125 N.M. 656, 964 P.2d 820. Because knowledge, like intent, "can rarely be proved directly[, it] often is proved by circumstantial evidence." *State v. Durant*, 2000-NMCA-066, ¶ 15, 129 N.M. 345, 7 P.3d 495. "A jury may infer knowledge and control from the defendant's actions, statements, or conduct, and from circumstantial evidence connecting the defendant to the object." *State v. Martinez*, 2020-NMCA-043, ¶ 54, 472 P.3d 1241.

**{9}** We hold that the jury could properly have inferred the requisite knowledge from the circumstantial evidence of Defendant's actions and statements and the presence of the methamphetamine in his front pocket. Defendant was attempting to evade police and admitted he had been using methamphetamine at the time of the incident. *See State v. Gutierrez*, 2007-NMSC-033, ¶ 36, 142 N.M. 1, 162 P.3d 156 (observing that evidence of flight is admissible to show consciousness of guilt). Also, Defendant points to no evidence suggesting that the pants Defendant was wearing may have belonged to someone else. Regardless, it is for the fact-finder to resolve any conflict in the evidence and determine where the weight and credibility lie, and, on appeal, we indulge in all reasonable inferences in favor of the verdict. *Samora*, 2016-NMSC-031, ¶ 34; *see State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. We do not examine the evidence to support some hypothesis of innocence. *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314.

**{10}** Because we hold that substantial evidence of Defendant's knowledge was presented, we uphold Defendant's conviction for possession of methamphetamine and affirm the district court's judgment and sentence. *See State v. Gallegos*, 2011-NMSC-027, ¶ 16, 149 N.M. 704, 254 P.3d 655 ("[C]ircumstantial evidence alone can amount to substantial evidence." (internal quotation marks and citation omitted)).

**{11}  IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**