This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41899

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PABLO AVALOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Joseph Montano, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's judgment and sentence, convicting him of aggravated battery causing great bodily harm to a household member. [RP 138-43, 146-47] Defendant challenges the sufficiency of the evidence to prove that he did not act in self-defense. [BIC 11-13]

**{3}** When assessing the sufficiency of the evidence to support a conviction, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883.

**{4}** The jury was instructed to find that Defendant acted in self-defense if the State established beyond a reasonable doubt: (1) "[t]here was an appearance of immediate danger of death or great bodily harm to [D]efendant as a result of [Victim] attacking him"; (2) "[D]efendant was in fact put in fear of immediate death or great bodily harm and struck and pushed [Victim] because of that fear"; and (3) "[t]he apparent danger would have caused a reasonable person in the same circumstances to act as the defendant did." [RP 130]

**{5}** Defendant contends the State failed to prove Defendant did not act in self-defense and that Victim's injuries to her head were caused by Defendant, as opposed to being caused by cocaine use and falling. [BIC 12-13] Defendant claimed that just before the incident, Victim was drinking a lot of whiskey, snorting cocaine, and smoking marijuana. [BIC 2-3] Defendant argued that he acted in self-defense after Victim hit him in the head with a hard foam massage roller, which caused him to pass out, and that Victim later choked him, threw a small heater and a mirror at him, and hit him again with the foam roller and a bottle of whiskey. [BIC 3-5] Defendant claimed he only pushed Victim away and blocked her blows by kicking and punching at her while he was lying on his back. [BIC 4-5] Defendant asserted that Victim hurt herself multiple times when she fell on the floor and on the furniture. [Id.]

**{6}** The State presented testimony showing that when officers found Victim, she was unconscious and nonresponsive, lying on a blanket on the floor with both of her eyes swollen shut, a severely swollen left cheek, and a left arm that was starting to bruise. [BIC 6-7] Paramedics who arrived on the scene noticed a disruption in Victim's brain activity and gave her a sedative. [BIC 7] The State also presented testimony from several medical experts describing Victim's injuries and treatment. [BIC 9-10] The testimony showed that Victim had fractured ribs, which, in light of the location and pattern of the fractures, must have resulted from a direct blow. [BIC 9] Victim also

suffered severe injuries to her brain that could have only resulted from massive blunt force trauma, like falling from a height or a high-speed car crash, not from falling from a standing height. [BIC 10] Victim's brain was so severely injured that it swelled and shifted within her cranium, and a piece of her cranium had to be removed and replaced with a prosthetic to accommodate the swelling. [BIC 9] Victim tested negative for alcohol and positive for cocaine and marijuana. [BIC 8] Victim regained only episodic consciousness after a few weeks, but was unable to interact with her environment. [BIC 9] Victim will never live independently and will likely require years of therapy after she becomes more fully conscious. [Id.] Defendant's injuries included a small protruding bump on his head and scratches and bruises on his knuckles. [BIC 8] Defendant was cleared to leave the hospital the same day without the need for medical treatment and was advised to take Tylenol. [BIC 8; CD 1-2-24 3:32:11-28]

{7}    We conclude the State presented evidence, which, if believed by a jury, was adequate to prove that Defendant did not act self-defense. *See State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 ("Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks and citation omitted)). The State's evidence could persuade a rational fact-finder that Defendant directly caused Victim's rib fractures and severe head injuries by blunt force trauma. A reasonable fact-finder could also determine that it defies logic to conclude that Victim repeatedly attacked Defendant and repeatedly put him in fear of immediate death or great bodily harm, in light of the severity of the injuries she had sustained over the course of the incident. The State's evidence shows that neither Defendant's nor Victim's injuries were consistent with Defendant's claims about the incident. The lack of alcohol in Victim's toxicology screens also undermined Defendant's assertions. Defendant's version of events also changed over time. Where conflicting evidence is presented, we defer to the fact-finder to resolve such conflicts and determine where the weight and credibility lie. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482; *see also Rojo*, 1999-NMSC-001, ¶ 19 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts.").

{8}    Even assuming Victim was the first aggressor, in light of the State's evidence showing the numerous and extreme severity of Victim's injuries and the superficiality of Defendant's injuries, a rational jury could conclude that, at a minimum, Defendant's reaction was not objectively reasonable. *See State v. Gallegos*, 2011-NMSC-027, ¶ 16, 149 N.M. 704, 254 P.3d 655 ("[C]ircumstantial evidence alone can amount to substantial evidence." (internal quotation marks and citation omitted)); *cf. State v. Swick*, 2010-NMCA-098, ¶ 18, 148 N.M. 895, 242 P.3d 462 (considering "large number and varying types of severe injuries inflicted on [the victim], in contrast to the relative superficiality of [the d]efendant's injury, we conclude that even if [the victim] stabbed [the d]efendant's hand, [the d]efendant's response cannot be regarded as objectively reasonable"), *aff'd in part, rev'd in part on other grounds*, 2012-NMCA-018, ¶ 70, 279 P.3d 747 (affirming this Court's rejection of the defendant's self-defense claim); *State v. Sutphin*, 1988-NMSC-031, ¶ 23, 107 N.M. 126, 753 P.2d 1314 ("A reviewing court may neither reweigh the evidence nor substitute its judgment for that of the jury."). Thus, we

propose to hold that sufficient evidence supports the jury's determination that Defendant did not act in self-defense.

{9}     For the reasons discussed above, we affirm the district court's judgment and sentence.

{10}    **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**