This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42889**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ROSALIE BARELA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Jim Foy, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Law Office of Astrid Carrete, LLC
Astrid Carrete
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Chief Judge.**

**{1}** Defendant appeals the district court's judgment and sentence, convicting her of aggravated battery with a deadly weapon and misdemeanor battery. This matter was submitted to the Court on a brief in chief pursuant to an order assigning this matter to the general calendar with modified briefing. Having considered the brief in chief and concluding the issues raised provide no possibility for reversal, and determining that this case is appropriate for resolution without further briefing, we affirm for the following reasons.

**{2}** On appeal, Defendant challenges both of her convictions on the grounds that there was insufficient evidence to prove that she did not act in self-defense. [BIC 3-9] When assessing the sufficiency of the evidence to support a conviction, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883.

**{3}** For the charge of aggravated assault with a deadly weapon, the jury was instructed to find that Defendant acted in self-defense if: (1) "[t]here was an appearance of immediate danger of death or great bodily harm to [D]efendant as a result of [Victim] chasing [D]efendant with two forks"; (2) "[D]efendant was in fact put in fear of immediate death or great bodily harm and told [Victim] that she was going to kill [Victim] and then pointed a U.S. Carbine 30 Caliber rifle at [Victim] because of that fear"; and (3) "[t]he apparent danger would have caused a reasonable person in the same circumstances to act as [D]efendant did. The burden is on the [S]tate to prove beyond a reasonable doubt that [D]efendant did not act in self defense." [RP 162] For the offense of battery, the jury was instructed to find that Defendant acted in self-defense if: (1) "[t]here was an appearance of immediate danger of bodily harm to [D]efendant as a result of [Victim] pushing her and chasing her with two forks"; (2) "[D]efendant was in fact put in fear of immediate bodily harm and punched [Victim] in the face and clawed at her left eye because of that fear"; (3) [D]efendant used an amount of force that [D]efendant believed was reasonable and necessary to prevent bodily harm"; and (4) "[t]he apparent danger would have caused a reasonable person in the same circumstances to act as [D]efendant did. The burden is on the[S]tate to prove beyond a reasonable doubt that [D]efendant did not act in self defense." [RP 167] The jury was also instructed to consider whether Defendant or Victim was the first aggressor or whether either one of them became the aggressor. [RP 164-65]

**{4}** Defendant's brief in chief presents only a one-sided view of the evidence that portrays Victim as the first aggressor and suggests that Victim may have been threatening and chasing Defendant with forks and blocking Defendant from leaving. [BIC 1-2, 6-8] *See* Rule 12-213(A)(3) NMRA (requiring the appellant to place all the material facts before this Court and providing that a challenge to the sufficiency of the evidence "shall be deemed waived unless the summary of proceedings includes the substance of the evidence bearing on the proposition"). Although we are not required to do so, we have reviewed the audio recording of the trial to test Defendant's representation of the evidence. *See Lukens v. Franco*, 2019-NMSC-002, ¶¶ 2-7, 433 P.3d 288 (expressing frustration with noncompliant briefing in criminal cases and

encouraging courts to use Rule 12-312(D) NMRA to sanction the attorney and order new briefs). Our review shows that Defendant's brief wrongly omits material, conflicting testimony and other evidence presented by the State.

**{5}**     The record reveals that Victim testified to the following. Victim, who is Defendant's younger sister, explained that, as she, Defendant, and their father were at their father's house sitting down for dinner, Victim questioned Defendant about what happened to Victim's monitor and modem. [Tr. 5/14/25 1:07:02-1:08:25] Victim testified that Defendant instantly changed her demeanor, got angry, and cursed at Victim. [Id. 1:09:10-1:09:17, 1:25:10-1:25:27] Victim insisted that Defendant give back her modem and monitor. [Id. 1:09:20-1:10:04] Their father began to walk away from the dinner table. [Id. 1:11:50-1:12:03] Defendant stood up from the table and told Victim, "This is my house, get the fuck out." [Id. 1:12:42-1:12:52] Victim then rose to leave the table and follow their father, and Defendant looked Victim in the eyes and calmly said, "I'm going to fucking kill you." [Id. 1:12:50-1:13:10] Victim testified that she was scared of her older sister and picked up a fork as she began to slowly walk backwards around the table toward the door, keeping her eyes on Defendant. [1:13:00-1:13:19, 1:24:08-1:24:15] Defendant picked up a fork from the table, walked toward Victim, and repeated to Victim two more times: "I'm going to beat the shit out of you; I'm going to fucking kill you." [Id. 1:24:17-1:24:34] Victim picked up another fork from the table and said, "No you're not." [Id. 1:30:20-24] Victim testified that Defendant was very serious, convincing, and scary. [Id. 1:13:53, 1:20:09-1:20:30]

**{6}**     Victim testified that when Defendant was right in front of Victim, Defendant threw her fork down and walked a few steps toward the living room. [Id. 1:14:10-25] Victim put her forks down and followed Defendant, thinking that they would be able to sit down and talk. [Id. 1:10:25-34] Instead, Defendant went and grabbed a rifle off of a rack and pointed it at Victim's midsection. [Id. 1:14:35-45, 1:15:05-10, 1:18:06-1:18:36] Victim was close enough to push the nose of the rifle up into air. [Id. 1:18:36-44] Defendant used her hand without the rifle and punched Victim in the chest, then Defendant pulled Victim closer to her by Victim's shirt, and Defendant punched Victim in the face with Defendant's other hand, which moments earlier held the rifle. [Id. 1:15:24-47] Victim's glasses flew off and she fell on a chair. [Id.] Victim ran away from Defendant, but she had no way out. [1:16:01-1:16:45] Defendant then had an eagle statue in her hand that Victim thought was sharp and would hurt her. [Id. 11:48:10-11:48:40, 1:16:45-1:17:03] Defendant continued to yell at Victim, saying nasty, vulgar things about Victim and Victim's children and chased Victim away with the statue. [Id. 1:17:03-1:17:20, 11:27:31-11:27:47]

**{7}**     An officer who responded to the scene of the incident testified that he kept asking Defendant questions because he was confused by Defendant's inconsistent statements about the events and wondered how Defendant could claim to be defending herself when, even by Defendant's own claims, she was chasing Victim during the encounter. [Id. 11:50:22-11:50:46]

**{8}** As we often state when assessing the sufficiency of the evidence, "[t]he testimony of a single witness may legally suffice as evidence to support a jury's verdict." *State v. Hamilton*, 2000-NMCA-063, ¶ 20, 129 N.M. 321, 6 P.3d 1043 (internal quotation marks and citation omitted); *id.* ("Testimony by a witness whom the fact[-]finder has believed may be rejected by an appellate court only if there is a physical impossibility that the statements are true or the falsity of the statement is apparent without resort to inferences or deductions." (internal quotation marks and citations omitted)). The jury's verdict indicates that it resolved the conflicts in the testimony against Defendant and in favor of the State's evidence, which it was free to do. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). "We do not reweigh the evidence or substitute our judgment for that of the fact[-]finder as long as there is sufficient evidence to support the verdict." *State v. Gipson*, 2009-NMCA-053, ¶ 4, 146 N.M. 202, 207 P.3d 1179. Viewing the evidence in the light most favorable to the verdict, we conclude that the State presented adequate evidence to prove that Victim did not chase Defendant, Defendant was not put in fear by Victim, a reasonable person would not act as Defendant did under the circumstances, and Victim was not the first aggressor. *See State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 ("Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks and citation omitted)). The State's evidence could persuade a rational fact-finder that by repeatedly threatening to beat and kill Victim, chasing Victim, aiming a rifle at Victim, and hitting Victim in the face, Defendant was the first aggressor and did not act in self-defense. Thus, we hold that Defendant's convictions were supported by substantial evidence.

**{9}** Based on the foregoing, we affirm the district court's judgment and sentence.

**{10} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**GERALD E. BACA, Judge**